### J. H. GIRVIN v. C. A. WOOD.

Decided May 27, 1903.

**1.—Appeal Bond.**

An appeal bond from justice court conditioned that appellant "shall prosecute his appeal to effect and shall pay off and satisfy the judgment which may be rendered against him on such appeal," complies with the statute in its conditions.

**2.—Same.**

Where the transcript from justice court showed that plaintiff had dismissed as to a defendant on whom it appeared to the court that the citation issued had not been served, but the final judgment was that plaintiff take nothing against such defendant and he go hence without day, a bond on appeal by a defendant against whom plaintiff had judgment was properly made payable to such codefendant as well as to plaintiff.

Appeal from the County Court of Tom Green. Tried below before Hon. Milton Mays.

*Hill & Lee* and *A. R. Burges,* for appellant.

No briefs were on file for appellee.

KEY, ASSOCIATE JUSTICE.—This suit originated in a justice of the peace court and was appealed to the county court. C. A. Wood was the plaintiff and C. E. Cope, Sam Cope and J. H. Girvin were defendants. As against Girvin and C. A. Cope the plaintiff recovered in the justice court and the defendant Girvin appealed to the county court, making the appeal bond payable to the plaintiff Wood and to Girvin's codefendants C. A. Cope, and Sam Cope.

In the county court the plaintiff filed a motion to dismiss the appeal, because the appeal bond was not conditioned as required by law and was not payable to the appellee, plaintiff. This motion was sustained and the appeal dismissed. The bond was conditioned "that the above bounden J. H. Girvin shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal," which was a substantial compliance with the statute.

As to the other point, more difficulty has. been encountered. The court below seems to have disposed of the motion upon the theory that Sam Cope had been dismissed from the case, and that as to him no judgment was rendered by the justice of the peace. If this construction of the judgment rendered by the justice of the peace was correct, Sam Cope was not a party to the judgment, and should not have been made a payee in the bond. The transcript from the justice court shows an entry on the docket dismissing the case as to defendant Sam Cope on motion of the plaintiff's attorney. The judgment which follows the entry referred to contains the following language in reference to Sam Cope: "On this day came the plaintiff by his attorney, and it appearing to the court that the citation issued to the defendant Sam Cope has been returned not served, the plaintiff says he will no longer prosecute his suit against the defendant Sam Cope." The judgment then proceeds, showing a trial before a jury, a verdict for the plaintiff, and concludes as follows:

"It is therefore ordered, adjudged and decreed by the court that C. A. Wood do have and recover from the defendant C. E. Cope and J. H. Girvin the sum of one hundred ninety six & 80-100 dollars, with interest thereon from this date at the rate of ten per cent per annum, together with his costs in this behalf expended, and that he have his execution, and it is further ordered and adjudged that the plaintiff C. A. Wood take nothing by his suit against the defendant Sam Cope and that the said Sam Cope go hence without day."

The portion of the judgment quoted above discloses the final action of the court. In fact, what preceded it was more in the nature of recitals, and that quoted constitutes the judgment that was rendered. Therefore, we feel constrained to hold, notwithstanding the preceding recitals to the effect that Sam Cope had been dismissed from the suit, that in fact the court rendered judgment as between the plaintiff and the defendant Sam Cope; and therefore, it was not only proper but necessary that the appeal bond should be made payable to him as well as the other appellees.

It is no answer to this to contend that as the record shows that Sam Cope was not served with citation, the court had no jurisdiction to enter judgment that the plaintiff take nothing as against him. In the first place, for aught that appears in the record, Sam Cope may have appeared before the trial ended and submitted himself to the jurisdiction of the court. In the second place, although the court may have been without jurisdiction over Sam Cope, yet as it rendered judgment on the merits of the case as between him and the plaintiff, he was, for the purpose of an appeal, an appellee within the meaning of the statute, and it was proper for the appeal bond to be made payable to him.

From this it follows that the court erred in sustaining the motion to dismiss the appeal, for which error the judgment is reversed and the cause remanded.

*Reversed and remanded.*